IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRYAN DWAYNE GLASS, #50204-048 ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:20-CV-3378-M-BH |
| ) | |
| UNIDENTIFIED MEDICAL OFFICIALS, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I. BACKGROUND

On October 16, 2020, the plaintiff's *Motion for Appointment of Counsel to Investigate and File Professional Motion for Compassionate Release* was received and filed in his underlying criminal case. (*See* docs. 2, 3.) By order dated November 11, 2020, the motion was liberally construed as alleging in part that he had been denied medical care in violation of his civil rights, and the claim was severed and opened as a new civil lawsuit under 42 U.S.C. § 1983. (*See* doc. 2.) By *Notice of Deficiency and Order* dated November 13, 2020, the plaintiff was notified that if he had intended to file a civil lawsuit alleging denial of medical care, he had not filed his complaint on the proper form for a § 1983 civil rights action, and he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 5.) The order specifically advised the plaintiff that he must file his claim on the proper form and either pay the filing fee or file an IFP application within thirty days, and that a failure to do so could result in the dismissal of his case. *Id.* Attached to the order were copies of the § 1983 civil rights action form and an IFP application.

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

*See id.* Well more than thirty days from the date of the order have passed, but the plaintiff has not filed his claim on the proper form and either paid the filing fee or filed an IFP application, and he has not filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the order that he file his claim on the proper form and either pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case. Because he failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files his claim on the proper form and either pays the filing fee or submits his completed application to proceed *in forma pauperis* within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 21st day of May, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                       _____
                        IRMA CARRILLO RAMIREZ
                        UNITED STATES MAGISTRATE JUDGE